779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAMELA ABBETT NICHOLSON, Plaintiff-Appellant
v.
MICHIGAN BELL TELEPHONE CO.; OAKLAND COUNTY OF MICHIGAN
OFFICE OF PROSECUTING ATTORNEY; MICHIGAN PUBLIC
SERVICE COMMISSION, Defendants-Appellees.
 85-1082
 United States Court of Appeals, Sixth Circuit.
 10/11/85
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: MERRITT and MARTIN, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon consideration of appellant's motions for appointment of counsel, in forma pauperis status, and to supplement the certified record. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of the documents filed on appeal and the certified record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant was tried and acquitted by a jury in Michigan court, 45-B district on August 27, 1984 for abusive telephone use pursuant to Michigan Statute Annotated Sec. 28.808 et seq. The court assessed a $10,000 peace bond, attorney fees and court costs against her. In response, she filed a complaint in the federal district court alleging that appellees violated her constitutional rights. Based on the parties' motions, briefs and oral arguments in a hearing held on January 14, 1985, the court dismissed appellant's complaint for failure to state a cause of action upon which relief could be granted.
 
 
 3
 Upon consideration, this Court finds that appellant's appeal is without merit. Based on her many unsupported allegations, it appears that she attempts to assert an action under 42 U.S.C. Sec. 1983. To sustain such an action, it is incumbent upon appellee to plead and demonstrate that appellees deprived her of a constitutional right guaranteed by the United States Constitution while acting under color of state law. Imbler v. Pachtman, 424 U.S. 409 (1976). Moreover, appellant must overcome any allegations of immunity asserted by appellees.
 
 
 4
 The Michigan Public Service Commission is an intergral part of the Michigan government and is immune from suit without government consent under the Eleventh Amendment to the United States Constitution. Edelman v. Johnson, 415 U.S. 651 (1974); Employees v. Department of Public Health and Welfare, 411 U.S. 279 (1973). The Oakland County Prosecuting Attorney's Office is absolutely immune from suit for damages in Sec. 1983 actions when the prosecutor acts within the scope of his prosecutorial duties. Imbler, supra. The issuance of a warrant for appellant's arrest and the prosecution of appellant was within the scope of the prosecuting attorney's office duties. Appellant does not assert facts to allege that the prosecuting attorney's office was shielded only with qualified immunity and acted in bad faith outside the scope of authority. Imbler, supra. Moreover, the prosecuting attorney's office is immune even if the Michigan Statute Sec. 750.540(e) is at a later date determined unconstitutional. At the time of its enforcement, the prosecutor was acting in good faith relying on the statute's facial validity. Imbler, supra.
 
 
 5
 Appellant's allegation that Michigan Bell Telephone Company conspired with the other appellees to deprive her of her constitutional rights is not meritorious. The allegation is not supported by facts which demonstrate that Michigan Bell Telephone Company was a willful participant and jointly acted with appellees in any manner to deprive appellant of her constitutional rights. Significantly, appellant's allegations fail to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. Paul v. Davis, 424 U.S. 693 (1976).
 
 
 6
 It is therefore ORDERED that appellant's motions for appointment of counsel, to proceed in forma pauperis and to supplement the record be and hereby are denied and the district court's decision affirmed. Si th Circuit Rule 9(d)(2).